PARIENTE, J.,
concurring.
I agree with the Court’s denial of the petition for writ of mandamus. Given that the petition was filed in the afternoon of April 30, 2015, and the 2015 regular legislative session must constitutionally conclude by midnight on May 1, 2015, see art. III, § 3(d), Fla. Const.,[1] there is simply no way to mandate that the entire Florida House of Representatives return to Tallahassee to continue conducting its legislative responsibilities. Issuance of the writ at this time would thus “prove unavailing” and “without beneficial results.” State ex rel. Ostroff v. Pearson, 61 So.2d 325, 326 (Fla.1952).
I write separately to emphasize that the Court’s denial of the petition does not constitute an endorsement of the House’s interpretation of the constitutional language in article III, section 3(e), of the Florida Constitution. To the contrary, in my view, the House’s unilateral adjournment clearly violated the Constitution.
*504 Article III, section 3(e), provides that “[n]either House shall adjourn for more than seventy-two consecutive hours except pursuant to concurrent resolution.” The Constitution specifically contemplates circumstances in which the two legislative houses cannot agree concerning an adjournment of more than seventy-two hours during the established period for a session of the Legislature. In such circumstances, subject to a contrary subsequent agreement of the two houses, the Governor is granted the authority by article III, section 3(f), to “adjourn the session sine die or to any date within the period authorized for such session.” Art. III, § 3(f), Fla. Const.
Under the provisions of the Constitution, neither house is permitted unilaterally to adjourn for a' period of more than seventy-two consecutive hours. An adjournment of more than seventy-two consecutive hours can be accomplished only by concurrent resolution or by action of the Governor. The House’s contrary interpretation — that one house may not unilaterally adjourn during the session for more than seventy-two consecutive hours if it does intend to return, but may unilaterally adjourn sine die for more than seventy-two consecutive hours to conclude the session with no plan to return — is antithetical to the intent of article III, section 3(e). That constitutional provision clearly does not permit one house to adjourn in any fashion for more than seventy-two consecutive hours without the consent of the other house.
As the Supreme Court of Pennsylvania has observed:
The reason of policy for this requirement is not difficult to discern. Because each house is powerless to enact legislation alone, each has a strong interest in insuring that bills passed by it are considered by the other house. The greatest threat to this interest is the possibility that the other house might adjourn, thus disabling itself from the consideration of bills. Protection against this possibility is provided each house by the Constitution in the form of a power to refuse to consent to the adjournment of the other house.
Frame v. Sutherland, 459 Pa. 177, 327 A.2d 623, 626-27 (1974) (footnote omitted).
Accordingly, the unilateral adjournment sine die by the House on April 28, 2015, at 1:15 p.m. — which resulted in a period of adjournment during the 2015 regular legislative session exceeding seventy-two consecutive hours — violated the plain requirements of the Constitution.
LABARGA, C.J., and LEWIS, QUINCE, and PERRY, JJ., concur.

. Article III, section 3(d) allows a regular legislative session to be extended beyond sixty • days only "by a three-fifths vote of each house.” It does not appear, and the petition does not suggest, that the Court has the authority to mandate the session to continue beyond sixty days, which this year is midnight on May 1.